### Ephraim Hemenway, by Guardian, *versus* Ebenezer Gates, Administrator, &c.

Where an administrator dies within four years from the grant of administration, and an administrator *de bonis non* is appointed, actions of creditors are not barred until after the expiration of four years from this last grant of administration.

Land was devised to A in trust to apply the rents and profits to the support of B during his life, and in an action by the *cestui que trust* against the trustee to recover the rents and profits, it was held that the general statute of limitations does not apply to trusts.

THE parties agreed that Jacob Hemenway, by his last will, which was proved and allowed in March 1801, devised to one Wiswall two tracts of land, in trust and for the sole use and benefit of the plaintiff (a person *non compos mentis*) during his life, and Wiswall was directed to apply the rents and profits to the plaintiff's comfortable support. Wiswall accepted the trust, and was in possession of the estate from the time of the probate of the will until his death in January 1822. In February 1822 letters of administration upon his estate were granted to his widow, who gave notice thereof, pursuant to the statute. She administered until April 1824, when she died; and in May 1824 the defendant was appointed administrator *de bonis non* on the same estate; of which he gave the like notice. This action was brought to recover the amount of the rents and profits of the estate devised in trust, which the plaintiff alleged had never been paid over to him or expended in his support, and also to recover the value of the plaintiff's labor while in the employment of Wiswall. The suit was commenced more than four years after the appointment of the widow as administratrix, but within four years from the appointment of the defendant as administrator *de bonis non*. If upon these facts the defendant was not liable,

ɔy reason of *St.* 1791, *c.* 28, § 2, limiting the time for bring- ing actions against administrators to four years, it was agreed that the plaintiff should become nonsuit. If the claim for rents and profits received by Wiswall more than six years before his death, and for the labor of the plaintiff previous to that time, or for either, was barred by the general statute of limitations, it was agreed that the plaintiff should not be per- mitted to give evidence of the part of his claim so barred. But if the plaintiff was not barred of his claims for either of the causes mentioned, it was agreed that the amount of dam- ages to be recovered should be determined by a jury, on a trial of the action upon the general issue.

*Davis* and *Allen,* for the plaintiff, on the point that the gen- eral statute of limitation does not apply in the case of trusts, referred to 4 Bac. Abr. 473, 474, *Limitation &c., D,* and cases there cited.

*Newton, contrà,* contended that where the *cestui que trust* may at any time call the trustee to account, the statute runs , and here he might have done so, as Wiswall was not his guar dian ; and that the operation of *St.* 1791, *c.* 28, which began to run from the appointment of the widow as administratrix, was not suspended by her death. *Royce* v. *Burrell,* 12 Mass. R. 395 ; *Scott* v. *Hancock,* 13 Mass. R. 162 ; *Brown* v. *Anderson,* ibid. 201 ; *Ex parte Allen,* 15 Mass. R. 58.

*Per Curiam.* This case comes before us in an irregular form ; the questions intended to be raised should have been presented in the pleadings.

It is very clear that the defendant could not have pleaded the statute of limitations of four years, unless he can unite his administration with that of his predecessor for that purpose ; and this he cannot do. The former administration continued but two years, leaving two for creditors to prosecute their actions ; there was then an interval when no suit could be brought ; then the defendant became administrator *de bonis non,* and this suit was brought within four years from that time. Neither had there been four years of any administration sub- sisting before the suit was commenced. We consider the second administration, by virtue of the statute, open to suits

Hemenway
*v.*
Gates.

**322**

*Oct. 5th.*

*April term*
1828.

for four years, as well as the first, and therefore the facts stated, if pleaded, would be no bar.[1]

The general statute of limitations of six years does not affect trusts.[2] So much however of the demand as consists of labor and services may be barred by that statute.

---

[1] It is now provided by the Revised Statutes, that an administrator *de bonis non* shall be liable to the actions of the creditors of the deceased for a space of time, which being added to the time that shall have expired whilst the former administrator continued in office, shall make five years in the whole; provided that he shall never be liable for less than two years after he shall have given bonds for the discharge of his trust; and if the former administrator shall never have given the requisite notice of his appointment, the new administrator shall be liable to the actions of creditors for the space of four years after the date of his bond. Revised Stat *c.* 66, § 20, 21, 22.

[2] See *Farnam* v. *Brooks*, 9 Pick. 242 to 244; *Kane* v. *Bloodgood*, 7 Johns. Ch. R. 90; *Bigelow* v. *Bigelow*, 6 Ohio R. 97, 98; *Willison* v. *Watkins*, 3 Peters, 51, 52; *Decouche* v. *Savetier*, 3 Johns. Ch. R. 215; *Elmendorf* v. *Taylor*, 10 Wheaton, 175 to 177, n. *a*; *Murray* v. *Coster*, 20 Johns. R. 583; *Terrill* v. *Murray*, 4 Yerger, 104; 1 Story on Eq. 502 to 504; 2 Story on Eq. 735 to 739; *Bangs* v. *Hall*, 2 Pick. (2d ed.) 372, n. 1; Fonbl. on Eq. Laussat's ed.) 262, 263, and notes.